IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01357-GPG-CYC

MARIA ROSALES, and
ANTHONY SMITH,

    Plaintiffs,

v.

CONADIOUS FREEMAN, and
WALMART INC.,

    Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendants Conadious Freeman and Walmart Inc. move for summary judgment on plaintiffs Maria Rosales and Anthony Smith's race-based discrimination claims. ECF No. 92. Because the plaintiffs fail to raise triable issues of fact regarding their discrimination claims under 42 U.S.C. §§ 1981 and 1982, summary judgment ought to be granted on those claims. Without any remaining federal questions, the Court should decline to exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims. For the reasons that follow, then, the Court recommends that the defendants' motion be granted.

## **LEGAL STANDARDS**

### I.    Motion for Summary Judgment

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**II.     Review of a Pro Se Litigant's Filings**

The plaintiffs proceed pro se. Federal courts must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."

2

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). This applies to all proceedings involving pro se litigants, including summary judgment proceedings. *Hall*, 935 F.2d at 1110 n.3. But courts "will not supply additional factual allegations to round out a plaintiff[s'] complaint or construct a legal theory on a plaintiff[s'] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## **UNDISPUTED FACTS**

The Court only includes the relevant material facts considered in the Motion for Summary Judgment analysis. *See, e.g.*, *Driscoll v. City & Cnty. of Denver*, No. 21-CV-02866-PAB-NRN, 2025 WL 753712, at *2 n.1 (D. Colo. Mar. 10, 2025). The following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A):

1. Smith is an African American male. ECF No. 92-1 at 3:3–10.
2. Rosales is a Mexican American female. ECF No. 92-3 at 3:18–22.
3. On March 1, 2022, the plaintiffs entered a Walmart in Denver, Colorado. ECF No. 92-2 at 2:7–16.
4. The plaintiffs attempted to purchase groceries and return a neck massager. ECF No. 92-3 at 2:5–12.
5. Freeman, during his deposition, stated that he refused to accept the return because he previously witnessed the plaintiffs shoplifting from the store prior to March 1, 2022. ECF No. 92-2 at 2:17–19.
6. The plaintiffs recorded a portion of the interaction. ECF No. 99.
7. Freeman directed the plaintiffs to exit the premises. *Id.* at 00:28–00:42.

8. Throughout the recorded interaction, the plaintiffs demanded that Freeman provide them with the reason why he was directing them to exit the premises. *Id.* 00:00–00:57.

9. Freeman confirmed at various points during the interaction that he was directing them to leave because the plaintiffs had previously shoplifted. *Id.*

10. After Freeman told Smith that he had "seen [Smith] in the store shoplifting," Smith said "got you." *Id.* at 00:51–00:56.

11. The plaintiffs voluntarily exited the premises. *Id.* at 00:55–00:59.

## ANALYSIS

Jurisdiction in this matter is predicated on claims arising under the laws of the United States, *see* 28 U.S.C. § 1331; ECF No. 34 at 3, and the plaintiffs' fourth amended complaint asserts two federal claims under 42 U.S.C. §§ 1981 and 1982, respectively. *Id.* ¶¶ 1–74. As detailed below, they lack sufficient evidence to survive summary judgment on those claims.

**I.      Race-Based Discrimination Under 42 U.S.C. §§ 1981 and 1982**

Sections 1981 and 1982 are construed in tandem because of their "common language, origin, and purposes." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 447–48 (2008). "Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (quoting 42 U.S.C. § 1981). Section 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

"[T]he proper focus" of claims under these statutes "is on whether the defendant had the intent to discriminate on the basis of race, and whether that discrimination interfered with the

4

making or enforcing of a contract." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1106–07 (10th Cir. 2001); *see Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989). Proof comes through either direct or indirect evidence of discrimination. *Hampton*, 247 F.3d at 1107 (citing *Perry v. Woodward*, 199 F.3d 1126, 1134 (10th Cir. 1999)). Where, as here, the plaintiffs rely on indirect evidence, a district court employs a burden-shifting framework. *Id.* This framework first requires that the plaintiffs establish a prima facie case under the statutes. *Id.* at 1101–02; *Asbury*, 866 F.2d at 1279. If the plaintiffs establish a prima facie case, then the burden is on the defendants to provide a legitimate, nondiscriminatory reason for the action. *Asbury*, 866 F.2d at 1279. The burden then shifts back to the plaintiffs to show that the proffered reason is pretextual. *Id.*

To establish a prima facie case for their claims, the plaintiffs must show "(1) that [they are] a member of a protected class; (2) that the defendant[s] had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in [the statutes]." *Hampton*, 247 F.3d at 1101–02. Here, the plaintiffs falter at the second step.

Their arguments are long on suspicion but short on actual evidence of discrimination. Both plaintiffs, for instance, are firm in their subjective beliefs that Freeman's confrontation with them represented race-based discrimination. ECF No. 92-3 at 4:1–23; ECF No. 92-1 at 3:3–13. But the plaintiffs' subjective belief that there is no other logical explanation apart from their races as to why Freeman would ask them to leave, without more, does not muster a triable issue. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1151 (10th Cir. 2008) ("Without more, moreover, an employee's subjective belief in a comment's invidious nature also does not support an inference of discriminatory intent."); *see also Spencer v. Bloomingdale's*, No. CV 17-3775, 2018 WL 5996640 (E.D. Pa. Nov. 15, 2018) ("Spencer has not come forward

with evidence of any racially discriminatory comment . . . [or behavior] that could be interpreted as evidencing an intent to discriminate on the basis of race. . . . At th[e summary judgment] stage of the proceedings, the fact of Spencer's race alone cannot give rise to an inference that Bloomingdale's acted with discriminatory intent." (citing *Bailey v. Harleysville Nat. Bank & Tr. Co.*, Civ. No. 04-1541, 2005 WL 2012024, at *5 (E.D. Pa. Aug. 22, 2005))). And here, there is no more. Rosales, for her part, admitted that beyond the negative treatment Freeman offered she had no other reason to attribute his actions to discriminatory motives. ECF No. 92-3 at 4:8–11. And while Smith points to "the confrontation in the line, the fact that [he was] the only African-American male, and the disrespectful manner [he] felt [he] was treated," ECF No. 92-1 at 3:3–13, "the discriminatory intent necessary for a valid § 1981 claim . . . may not be established by conclusory allegations of generalized racial bias." *Lee v. Delta Air Lines, Inc.*, 38 F. Supp. 3d 671, 675 (W.D. Pa. 2014) (citing *Flagg v. Control Data*, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992)); *see also Cedeno v. Wal-Mart Stores, Inc.*, CIV. A. 98-CV-479, 1999 WL 1129638, at *1–2 (E.D. Pa. Nov. 30, 1999) (concluding that the Walmart employee's comment stating "Spanish people come here to steal," although reprehensible, was isolated and could not convert into racial discrimination). The plaintiffs therefore lack evidence from their interaction with Freeman sufficient to show discriminatory intent at the first step.

  The plaintiffs shift their focus. They train their lens on whether Freeman's conduct was justified, arguing that Walmart had no written policy permitting Freeman to direct them to exit the store, that Freeman never saw Smith return items he did not purchase, that Freeman never saw Smith shoplifting, and that Freeman refused to provide service to Rosales. ECF No. 98 at 4–7. But none of these arguments, even if true, establish a discriminatory intent. At best, they "might support an inference that" Freeman's conduct "may have been a pretext of *something*,"

6

but that is not "evidence" that it "was pretext of *discrimination on the basis of his race*." *Flowers v. Troup Cnty. Sch. Dist.*, 803 F.3d 1327, 1337–38 (11th Cir. 2015). It does not help them, therefore, with their need to put forth evidence of discriminatory intent at the first step.

Simply put, the plaintiffs supply no evidentiary support for their argument that the defendants' actions were based on the plaintiffs' race. At this point, they must do so to move forward, and their failure to do so means that they have failed to establish a prima facie case. As such, the Court need not consider the remaining steps of the burden-shifting analysis. *See Flores v. City & Cnty. Of Denver*, 30 F. App'x 816, 818 (10th Cir. 2002) (unpublished). Accordingly, the defendants are entitled to summary judgment on the plaintiffs' section 1981 and 1982 claims. *See Mike Naughton Ford, Inc. v. Ford Motor Co.*, 862 F. Supp. 264, 267 (D. Colo. 1994).

**II.    State-Law Claims**

That disposes of the only federal-law claims the plaintiffs bring. The remaining claims all arise under state law, over which the court's jurisdiction is not mandatory. *See* ECF No. 23 ¶¶ 75–152. "Under 28 U.S.C. § 1367(c)(3), when all the 'federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" *Timken v. S. Denver Cardiology Assocs., P.C.*, No. 23-cv-02859-GPG-SBP, 2024 WL 4407003, at *4 (D. Colo. Aug. 29, 2024). No party suggests that this is anything other than the usual case. Accordingly, the Court recommends dismissing the remaining state-law claims without prejudice for lack of subject-matter jurisdiction. *See id.*

## **CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS[1]:

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

1. That the defendants' Motion for Summary Judgment, ECF No. 92, as to the plaintiffs' section 1981 and 1982 be **GRANTED** as to Claims 1 and 2;

2. That the District Judge **DECLINE** to exercise his supplemental jurisdiction over Plaintiffs' remaining state-law claims; and

3. That therefore all of the plaintiffs' state-law claims, Claims 3 through 7, be **DISMISSED WITHOUT PREJUDICE**.

DATED this 5th day of August, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.